**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEITH TITSWORTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-CV-0576-CVE-SAJ** |
| | ) | |
| **CITY OF MUSKOGEE, OKLAHOMA,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss (Dkt. # 5) and alternative Motion to Transfer (Dkt. # 7). Defendant City of Muskogee, Oklahoma ("City") argues that this Court does not have venue and that, therefore, this Court should dismiss plaintiff Keith Titsworth's ("Titsworth") action pursuant to Fed. R. Civ. P. 12(b)(3). Alternatively, defendant argues that this case should be transferred pursuant to 28 U.S.C. § 1404(a). Plaintiff avers that venue is proper in this district under the special venue provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(3), and that defendant has not shown that transfer is proper. For the reasons set forth below, the Court finds that defendant's motions should be denied.

**I.**

Plaintiff Titsworth, an African-American employee of the City's Parks and Recreation Department, filed the instant Title VII action in the Northern District of Oklahoma ("Northern District") on October 9, 2007. Dkt. # 2, at 2. In his complaint, Titsworth alleges that the City denied him promotion once on account of his race and once in retaliation for filing a complaint with the Equal Employment Opportunity Commission. Id. at 3-4. The parties do not dispute that "the residence of the parties and most, if not all, of the witnesses is Muskogee County," which is located

in the Eastern District of Oklahoma ("Eastern District").  Dkt. # 12, at 4.  Likewise, the parties admit

that Titsworth and the witnesses are employed in the Eastern District, see Dkt. # 16, at 8; Dkt. # 22,

at 2-3, that "the records pertaining to plaintiff's employment are located in Muskogee," Dkt. # 12,

at 4, and that all of the alleged discriminatory and/or retaliatory acts occurred in the Eastern District,

id.[1]

## II.

Defendant argues that plaintiff may bring his Title VII action only in accordance with the

general venue provisions of 28 U.S.C. § 1391.  According to defendant, this Court should dismiss

this action for improper venue under Fed. R. Civ. P. 12(b)(3).  "[V]enue is where judicial authority

may be exercised."  Ford v. Valmac Indus., Inc., 494 F.2d 330, 331 (10th Cir. 1974).  The Tenth

Circuit has held that a special venue provision governs Title VII actions.   Pierce v. Shorty Small's

of Branson Inc., 137 F.3d 1190, 1191 (10th Cir. 1998).  This provision reads in pertinent part:

> Such an action may be brought in any judicial district in the State in which the
> unlawful employment practice is alleged to have been committed, in the judicial
> district in which the employment records relevant to such practice are maintained
> and administered, or in the judicial district in which the aggrieved person would have
> worked but for the alleged unlawful employment practice, but if the respondent is not
> found within any such district, such an action may be brought within the judicial
> district in which the respondent has his principal office.  For purposes of sections
> 1404 and 1406 of Title 28, the judicial district in which the respondent has his
> principal office shall in all cases be considered a district in which the action might
> have been brought.

42 U.S.C. § 2000e-5(f)(3).

Here, the Court finds that, contrary to defendant's contention, a Title VII complainant may

bring suit in any judicial district in the state in which the alleged unlawful employment practice

---

[1]     The law offices of Titsworth's attorney, however, are located in the Northern District.  Dkt.
# 12, at 9, 19.

occurred.  See In re Horseshoe Entm't, 337 F.3d 429, 435 (5th Cir.), cert. denied, 540 U.S. 1049

(2003) (assuming, without deciding, that a plaintiff may bring a Title VII suit in any judicial district

in the state in which the alleged discrimination occurred); Ross v. Buckeye Cellulose Corp., 980

F.2d 648, 655 n.11 (11th Cir. 1993) ("Since the alleged discrimination took place in Georgia,

appellants were free to bring suit in any of the state's three federal judicial districts); Becnel v. Smile

Cmty. Action Agency, Inc., 207 F. Supp. 2d 520, 521 (M.D. La. 2001) ("[A]ny action based upon

42 U.S.C. § 2000e may be brought in any judicial district in the State in which the unlawful

employment practice is alleged to have been committed.");  Aitkin v. Harcourt Brace Jovanovich,

Inc., 543 F. Supp. 987, 988 (W.D.N.Y. 1982) (same); Gilbert v. Gen. Elec. Co., 347 F. Supp. 1058,

1060 (E.D. Va. 1972) (same).  Plaintiff claims that defendant unlawfully denied him promotion on

two separate occasions in violation of Title VII.  Plaintiff claims that this alleged discrimination

occurred in Muskogee, Oklahoma.  Thus, plaintiff could bring his Title VII suit in any judicial

district within the State of Oklahoma, including the Northern District.  Accordingly, the Court finds

that defendant's motion to dismiss should be **denied**.

## III.

Alternatively, defendant moves to transfer this case to another venue under 28 U.S.C. §

1404(a).  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where

it might have been brought."  Here, the Court must, and does, find initially that plaintiff could have

filed this action in the proposed venue, the Eastern District.  The parties and most, if not all, of the

witnesses reside within the Eastern District.  Dkt. # 12, at 4.  Plaintiff and the witnesses are

employed in the Eastern District, see Dkt. # 16, at 8; Dkt. # 22, at 2-3, and "the records pertaining

to plaintiff's employment are located in Muskogee," Dkt. # 12, at 4.  Further, all of the alleged
discriminatory and/or retaliatory acts occurred in the Eastern District.  Id.  The Court finds,
therefore, that this action might have been brought in the Eastern District pursuant to 42 U.S.C. §
2000e-5(f)(3).  See supra section II.

The question thus becomes whether efficiency and fairness dictate transfer under § 1404(a).
Congress enacted § 1404(a) "to prevent the waste of time, energy and money and to protect litigants,
witnesses and the public against unnecessary inconvenience and expense."  ROC, Inc. v. Progress
Drillers, Inc., 481 F. Supp. 147, 152 (W.D. Okla. 1979), cited with approval in Scheidt v. Klein, 956
F.2d 963, 965 (10th Cir. 1992).  The Tenth Circuit has held that § 1404(a) gives courts discretion
"to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of
convenience and fairness.'"  Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516
(10th Cir. 1991) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).  In deciding whether
transfer is appropriate, courts are to consider the following factors: (1) "the plaintiff's choice of
forum;" (2) "the accessibility of witnesses and other sources of proof, including the availability of
compulsory process to insure attendance of witnesses;" (3) "the cost of making the necessary proof;"
(4) "questions as to the enforceability of a judgment if one is obtained;" (5) "relative advantages and
obstacles to a fair trial;" (6) "difficulties that may arise from congested dockets;" (7) "the possibility
of the existence of questions arising in the area of conflict of laws;" (8) "the advantage of having
a local court determine questions of local law;" and (9) "all other considerations of a practical nature
that make a trial easy, expeditious and economical."  Id. (quoting Tex. Gulf Sulphur Co. v. Ritter,
371 F.2d 145, 147 (10th Cir. 1967)) (internal quotation marks omitted).  The burden of
demonstrating the need for transfer rests with the moving party.  Chrysler Credit Corp., 928 F.2d

4

at 1515.  Unless the balancing of these factors strongly favors transfer, "the plaintiff's choice of forum should rarely be disturbed."  <u>Scheidt</u>, 956 F.2d at 965 (internal quotation marks and citation omitted); <u>Ritter</u>, 371 F.2d at 147; <u>Fin. Instruments Group, Ltd, v. Leung</u>, 30 Fed. Appx. 915, 918 (10th Cir. 2002) (unpublished decision) (internal quotation marks and citation omitted).[2]

Here, several of the factors enumerated by the Tenth Circuit do not apply.  No issue exists with regard to the enforceability of any potential judgment, to a conflict of law, or to the application of local law, as both federal districts are located within the State of Oklahoma.  Similarly, neither party contends that difficulties may arise from congested dockets.  As to the relative advantages and obstacles to a fair trial, defendant does not allege that it cannot receive a fair trial in the Northern District.[3]  Thus, the Court need not consider the parties' arguments about the impact of Muskogee politics or the role of race in relation to the composition of the jury pool.  With respect to the remaining factors, however, a balancing test must be applied.

The Court finds that defendant has not carried its burden of showing that the factors weigh strongly in favor of transfer.  With respect to plaintiff's choice of forum, the Tenth Circuit has held that "[p]laintiff's choice is [] given considerable weight."  <u>Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.</u>, 579 F.2d 561, 567 (10th Cir. 1978).  Here, plaintiff chose to file suit in the Northern District, and he opposes transfer.  Thus, this factor clearly does not support defendant's motion.

---

[2]     Unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. 32.1: 10th Cir. R. 32.1.

[3]     Only plaintiff avers that he cannot receive a fair trial in the Eastern District.

With respect to the accessibility of witnesses and other sources of proof, defendant contends that a trial in the Northern District would burden defendant and its primary witnesses, who are employed in the Eastern District. Dkt. # 16, at 2. In support of this proposition, defendant proffers the affidavit of Mark Wilkerson ("Wilkerson"), the Parks and Recreation Director for the City. In the affidavit, Wilkerson attests that he "understands" that this case "is presently filed in Tulsa, Oklahoma, which is sufficiently far away that the [primary] witnesses . . . cannot be on standby or [on] call. . . . [and] [t]hat to have all of the[se] [] witnesses off from work for a period of one or more days could prove detrimental to the people our department serves in that [Parks Department] facilities and programs would either be slowed or could be closed down of [sic] the period of all of our absence[s]." Dkt. # 16-2, at 2. If the case is transferred, however, Wilkerson states that these primary witnesses "could carry radios so that they could be paged in time to testify and return to work if the case is tried in Muskogee." Id. at 2-3.

The Court finds that defendant has not offered sufficient proof to tip the convenience factor substantially in its favor. "In view of the heavy burden imposed upon the movant, the factual content of a supporting affidavit is very important." Ritter, 371 F.2d at 148. While the Court assumes without deciding that the primary witnesses listed by Wilkerson have "pertinent testimony to present"— as they likely constitute nearly all of defendant's witnesses — defendant has nonetheless failed to show that any of these witnesses are "unwilling to attend a trial in [Tulsa]; that deposition testimony w[ill] be unsatisfactory; or that the use of compulsory process w[ill] be necessary."[4] Scheidt, 956 F.2d at 966 (internal quotation marks and citation omitted). Defendant

---

[4]      Compulsory process permits a court to subpoena a witness who resides, works, or regularly transacts business in person within 100 miles of the court. Fed. R. Civ. P. 45(c)(3)(A)(ii).

also fails to state whether plaintiff's proposed witnesses, who all reside in the Eastern District, see Dkt. # 20, at 1, are unwilling to attend trial or whether they will offer material testimony.[5]  See Scheidt, 956 F.2d at 966.  As noted by plaintiff, "[m]apquest.com indicates that the distance between the Muskogee and Tulsa federal courthouses is only 49 miles. . . . [which] may be traversed entirely upon the Muskogee Turnpike and the Broken Arrow Expressway."  Dkt. # 12, at 7.  The Court agrees with plaintiff that "[a]ny issues of trial logistics may be planned so as to minimize or eliminate any [] inconvenience to the witnesses."  Id. at 8.  Whether the trial is held here or in the Eastern District, the parties and the witnesses still will have to be absent from work for some period of time.  In light of these considerations, therefore, the Court finds that the inconvenience to the witnesses and defendant is de minimis.[6]  Defendant has shown that this factor weighs only slightly in its favor.

With respect to the two remaining factors — the cost of making the necessary proof and other considerations of a practical nature that make a trial easy, expeditious, and economical — defendant avers that if the Court transfers this case, the "cost of travel will be severely lessened for parties and witnesses," and the "witnesses c[an] work until it is time for them to testify."  Dkt. # 6,

---

[5]    Regardless of the witnesses' willingness, however, they may be subpoenaed.  See supra note 4.

[6]    Moreover, the Court seriously questions defendant's conclusory and unsupported assertion that "the burden is not just on the administrative staff of Defendant, but on the entire population and economy of defendant."  Dkt. # 16, at 3.  Wilkerson's affidavit lists only eight primary witnesses other than plaintiff, and of these eight individuals, six work in the City's Parks Department and one is listed as a City Clerk.  See Dkt. # 16-2, at 2.  Even if the witnesses' absences burdened the City's seasonal celebrations and caused the "water park, Spaulding pool and two splash pools" to be temporarily closed, id., the Court doubts that these individuals' brief absences would threaten the entire population and economy of the City.

7

at 5.  First, the Court need not consider any increased cost to plaintiff because plaintiff selected this forum.  Second, while the Court acknowledges that a trial in Tulsa may require one or more short day trips for defendant and the witnesses, defendant has proffered no explanation as to why the trial cannot be planned so as to minimize or even eliminate the need for all of these individuals to travel to Tulsa.  Defendant also has not explained why a trial in Tulsa cannot be just as easy, expeditious, and economical as a trial in Muskogee.  Moreover, this case does not appear to be a complicated matter, see Dkt. # 11, Joint Status Report, at 1-4, "likely to result in a prolonged trial involving new or novel legal theories or requiring any unusual or extensive discovery procedures." Ritter, 371 F.2d at 148.  Thus, defendant has shown that this factor weighs only slightly in its favor.

In sum, this case is a very close call.[7]  Plaintiff's choice of forum, given "considerable weight" by the Tenth Circuit, Tex. E. Transmission Corp., 579 F.2d at 567, clearly does not favor transfer.  The convenience factors, on the other hand, do indeed support a contrary conclusion. Nonetheless, this Court cannot disregard the fact that the burden of demonstrating the need for transfer rests with the moving party.  Chrysler Credit Corp., 928 F.2d at 1515.  As the Tenth Circuit has reiterated, unless a court's balancing strongly favors transfer, "plaintiff's choice of forum should rarely be disturbed." Scheidt, 956 F.2d at 965 (internal quotation marks and citation omitted); Ritter, 371 F.2d at 147; Fin. Instruments Group, Ltd, v. Leung, 30 Fed. Appx. at 918.  Accordingly, the Court cannot find that defendant has proffered a strong justification meriting transfer to the Eastern District, which is located less than 50 highway miles away in the adjoining judicial district. The Court concludes, therefore, that defendant's transfer motion should also be denied.

_____

[7]     To the extent plaintiff believes that footnote 7 in his response influenced the Court's decision, see Dkt. # 12, at 19 n.7, this Court is persuaded by well-crafted arguments based on relevant law and not by suggestions of a motion to reconsider or an appeal.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Dkt. # 5) and alternative Motion to Transfer (Dkt. # 7) are hereby **denied**.

**DATED** this 9th day of January, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT